By the Court.
In 1875, Purdum, by contract with the commissioners of Scioto county, agreed that, by a date named, he would build and deliver to said commissioners, *374 or their successors in office, one house to be used as a Children’s Home; also to furnish all material (except mantels) at his own cost; also that Thompson, an architect, as superintendent, should have power to inspect and accept or reject any work done or material furnished, and his decision should be final. For this house the commissioners agreed to pay to Purdum $18,000 in nine installments; each payment to be made on or before a specified day, or as soon thereafter as a specified stage of the work should be completed. Seven installments had been paid, Thompson having accepted the respective stages of the work. The eighth installment was to become payable “when the exterior is finished and one-half of the interior wood work finished, and the cooking range set, and the plumbing done.”
Purdum had done the plumbing and had “ substantially finished the exterior of said building and one-half of the interior wood work,” but had not set the cooking range, and Thompson had not inspected or accepted any of said eighth stage of the work. Then, without the fault of either party, the uncompleted house was destroyed by fire. Purdum refused to complete the house, unless the commissioners, at the county’s expense, would restore it as it was when the fire began. This they declined to do. Newman Lumber Company, under contract with Purdum, had furnished him materials for the house, for which $1,075 was due and unpaid. The company delivered to and filed with the commissioners an attested account, such as was provided for by the act of March 30, 1875, (72 Ohio Laws, 166,) and demanded payment out of the sum payable to Purdum for the eighth stage of the work. This was refused. The company did not appeal to the common pleas, but began a civil action against Purdum and the commissioners.
Held : 1. The payment by installments was for the convenience of Purdum, and did not affect the entirety of his contract to build and deliver a complete house. No part of the eighth installment became, or is due to him.
2. The act of March 30, 1875, (72 Ohio Laws, 166,) did *375 not apply to the public buildings, or to commissioners of counties.
3. If Newman Lumber Company’s claim was valid against the commissioners, was their only remedy an appeal from the commissioners to the common pleas? Quere.

Judgment affirmed.